IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mahmoud O. Alili | : | |
| | : | Case No. 1:25-cv-118 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order and Notice to Plaintiff to Perfect |
| United States of America, *et al.*, | : | Service Within 14 Days or Case Will Be |
| | : | Dismissed |
| Defendants. | : | |

This matter is before the Court on the *pro se* Complaint filed by Plaintiff Mahmoud O. Alili against the following Defendants:

Untied States Of America, U.S. D.O. J.,

Homeland Security Department,

T.S.A , /CBP Two Currently unknown plain clothed

T.S.A /CBP Agents

(Doc. 1 at PageID 1).[1] On August 25, 2025, Plaintiff filed a bare-bones Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) asserting he should be granted default judgment because the Defendants have not answered or defended this action. (Doc. 7.) On October 31, 2025, he filed a Request for Clerk[']s Entry of Default. (Doc. 9.)

For the reasons that follow, **Plaintiff will be given a 14-day extension of time to perfect service upon the Defendants and is put on notice that failure timely perfect service within the 14-day period will result in dismissal of this action. Plaintiff's Motion for Default Judgment (Doc. 7) is DENIED AS MOOT.**

---

[1] The Court lists the parties with spacing, abbreviations, and spelling as written by the Plaintiff. The Court assumes a spelling error and that Plaintiff meant the United States of America.

1

I. **BACKGROUND**

On February 26, 2025, Alili initiated filed this action relating to perceived mistreatment at two airports. Alili alleges:

> [T]wo unknown T.S.A. /CBP Agents acting in their personal and professional capacity for the Transportation Safety Administration over acting in their personal and professional capacity for the Transportation Safety Administration overseen by Homeland Security Department, Department of Justice And United States Of America did engaged [sic] in a pattern of behavior demonstrating racial / ethnic profiling against the plaintiff with no evidence supporting there behavior / actions other than his physical appearance constitute violations of the 4th and 14th amendment to the United States Constitutions as well as violations of the Racial and Identity Profiling Act (RIPA) of 2015 and (AB 953) and any other pertinent statute designed to protect citizenry from racial profiling by federal state , local law enforcement agencies. [sic]

(*Id.* at PageID 1.) Alili claims that when he arrived at Newark airport in Newark, New Jersey on October 8, 2024, he was segregated into a secondary screening area where a T.S.A./C.B.P. agent questioned him about his reason for travel and "very quickly it devolved into questioning about guns and weapons money laundering request to view plaintiff[']s personal devices without warrant or cause the intent of the questioning was the plaintiff was some sort of a terrorist[.]" (*Id.*) He alleges that he arrived at O'Hare airport in Chicago, Illinois on February 5, 2025, and was "relegated to a secondary segregated careening [sic] room and subjected to the same insulting and disparaging line of questioning from another plain clothed T.S.A/CBP Agent[.]" (*Id.* at PageID 1–2.) He asserts he is a naturalized citizen of the United States and "business owner who is a licensed to carry and conceal weapons of his home state of OHIO who has passed multiple background checks and who has never been accused or charged of a crime[.]" (*Id.* at PageID 2.) Alili seeks the following damages: $250,000 in compensatory damages against the unknown T.S.A./C.B.P. agents as well as $250,000 "per incident" in punitive damages against the T.S.A./C.B.P. agents; $100,000 against Homeland Security Department;

2

$100,000 against the Department of Justice; and injunctive relief.

On March 5, 2025, the Clerk of The United States District Court for the Southern District of Ohio filed a Certificate of Mailing by Clerk stating that it was requested to issue the complaint and summons to the Defendants and the requested service was sent by certified mail on March 5, 2025. (Doc. 2.) Four summonses were returned as executed and filed on the docket: two summonses to the Unknown CBP agents in the care of the United States Attorney General; one summons to the United States Attorney General; and one summons to the United States Department of Justice in the care of the United States Attorney General. (Docs. 3–6.) All four summonses were served at the address of 950 Pennsylvania Avenue, Washington, DC 20530, and all were signed and marked as received on March 13. (Docs. 3–6.) The summons served upon the Department of Justice is ripped and missing two sections. (Doc. 6.) There is no filing demonstrating that the United States of America was served. On August 25, 2025, Alili filed a one-line Motion for Default Judgment stating that he moves pursuant to Federal Rule of Civil Procedure 55(a) for default judgment "as defendant has failed to answer or otherwise defend them." (Doc. 7.)

II.    **LAW**

Federal Rule of Civil Procedure 4 governs service of process in federal court, with subsection (i) specifically setting forth procedures for service upon the United States, its agencies, corporations, officers, or employees, as in this case. To serve the United States, Plaintiff must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of

> the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1)(A)–(C). To serve a United States agency, corporation, officer, or employee sued in his or her official capacity, Plaintiff "must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve a United States officer or employee sued individually "for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Fed. R. Civ. P. 4(i)(3).[2]

Under Rule 4(i)(4), the Court must allow a party reasonable time to perfect service to cure its failure to:

> **(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> **(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(i)(4). Lastly, under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court--

---

[2] Rule 4(e) governs serving an individual within a judicial district of the United States and states:
Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:
(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Rules 4(f) and (g) appear inapplicable to this case, as they set forth procedure for service upon an individual in a foreign country and a minor an incompetent person, respectively.

4

> on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). *See Raja v. Johnson*, No. 2:13-CV-11, 2014 WL 1123523, at *2 (S.D. Ohio Mar. 20, 2014) (providing the plaintiff an opportunity to cure service defects under Rule 4(i)).

### III. ANALYSIS

Service has not been perfected in this case. Under Federal Rule of Civil Procedure 4(l), a party must provide proof of service to the Court. Here, the Court has no record of Plaintiff serving the United States attorney for the district where the action is brought, an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk, or the civil-process clerk at the United States attorney's office. *See* Fed. R. Civ. P. 4(i)(1)(A)(i)–(ii). In addition, the summons that was returned as executed and filed to demonstrate proof of service of the United States Department of Justice is damaged and missing sections. (*See* Doc. 6.) There is also no record of service upon the individuals in this case to satisfy Rules 4(i)(2) and 4(i)(3).

Pursuant to Rule 4(i)(4), "[t]he court must allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States . . ." In a similarly-postured case, the court granted a 14-day extension of time to perfect service where the plaintiff had served the United States attorney in Columbus, Ohio but failed to serve the defendants or Attorney General of the United States in Washington, D.C. *Raja*, 2014 WL 1123523, at *1–2. Under Rules 4(i) and (m), governing incomplete service against the United States and failure of service altogether, the Court finds that Plaintiff should be given a 14-day extension of time to perfect service. **The Court gives notice to Plaintiff that failure to perfect service against the**

Defendants within 14 days of entry this Order will result in dismissal of this action without prejudice.

As to Plaintiff's pending Motion for Default Judgment, "[b]efore a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of process must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Thus, where service has not been perfected, as in this case, "the Court lacks jurisdiction to adjudicate the parties' rights, and default judgment is not appropriate." *Raja*, 2014 WL 1123523, at *3 (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 348, 353 (6th Cir. 2003), *abrogated in part on other grounds*, *Morgan v. Sundance*, 596 U.S. 411 (2022)). Thus, the underlying Motion for Default Judgment is **DENIED AS MOOT**.

IV. **CONCLUSION**

As set forth in this Order, Plaintiff shall have 14 days within entry of this Order to perfect service against the Defendants. **Plaintiff is put on notice that failure to perfect service within 14 days of entry of this Order will result in dismissal of this action without prejudice.** Plaintiff's Motion for Default Judgment (Doc. 7) is **DENIED AS MOOT**.

IT IS SO ORDERED.

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge